UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

John Eddie Wilson,

                Petitioner,    Case No. 23-10132

v.                                   Judith E. Levy
                                       United States District Judge

Melinda Braman,

                Respondent.

_____/

**OPINION AND ORDER DENYING AS PREMATURE
PETITIONER'S MOTION FOR EQUITABLE TOLLING [3]**

      Petitioner John Eddie Wilson, confined at the Handlon Correctional Facility in Ionia, Michigan, filed a petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254, challenging his conviction for assault with intent to do great bodily harm, Mich. Comp. Laws § 750.84. Respondent Melinda Braman has been ordered to file a response by July 25, 2023. (ECF No. 4.)

      Before the Court is Petitioner's motion for equitable tolling. (ECF No. 3.) For the reasons set forth, the motion for equitable tolling is denied as premature.

Petitioner moves to equitably toll the one year statute of limitations for habeas petitions. *See* 28 U.S.C. § 2244(d). However, the statute of limitations is not currently an issue in this case. Respondent has yet to file an answer to the petition for a writ of habeas corpus, and her response is not due until July 25, 2023. Until such time as the limitations issue is raised by Respondent or this Court through proper notice to the parties,[1] Petitioner's request for equitable tolling will be denied as premature. *See Bynum v. Smith*, No. 4:07-CV-12767, 2008 WL 160380, at *1 (E.D. Mich. Jan. 15, 2008).

Accordingly, Petitioner's motion for equitable tolling (ECF No. 3) is denied as premature without prejudice to Petitioner raising his equitable tolling arguments again should the limitations issue later be raised by Respondent or the Court.

IT IS SO ORDERED.

Dated: June 23, 2023            s/Judith E. Levy
    Ann Arbor, Michigan       JUDITH E. LEVY
                                        United States District Judge

---

[1] Although this Court may raise the limitations issue on its own motion, it is under no obligation to do so. *See Day v. McDonough*, 547 U.S. 198, 209 (2006). If the Court chooses to raise the limitations issue, it will be required to provide notice to Petitioner and provide him with an opportunity to respond. *Id.* at 210–11.

## **CERTIFICATE OF SERVICE**

      The undersigned certifies that the foregoing document was served upon counsel of record and any unrepresented parties via the Court's ECF System to their respective email or first-class U.S. mail addresses disclosed on the Notice of Electronic Filing on June 23, 2023.

                                        s/William Barkholz
                                        WILLIAM BARKHOLZ
                                        Case Manager