# UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF MICHIGAN
### SOUTHERN DIVISION

JOHN EDDIE WILSON,

      Petitioner,                  Case No. 5:23-CV-10132

                                  Judith E. Levy
v.                              United States District Judge

MELINDA BRAMAN,          Mag. Judge David R. Grand

      Respondent.

_____/

**OPINION AND ORDER DENYING RESPONDENT'S MOTION TO DISMISS [9], DENYING PETITIONER'S MOTION FOR EQUITABLE TOLLING AS MOOT [12], GRANTING RESPONDENT'S MOTION TO SEAL [11], AND COMPELLING ANSWER ADDRESSING PETITION'S MERITS**

John Eddie Wilson ("Petitioner"), confined at Richard A. Handlon Correctional Facility in Ionia, Michigan, seeks a writ of habeas corpus pursuant to 28 U.S.C. § 2254. (ECF No. 1.) Before the Court is Respondent's Motion for Dismissal of Petition for Writ of Habeas Corpus under Habeas Rule 4. (ECF No. 9.) Respondent seeks dismissal on the ground that Petitioner's application for a writ of habeas corpus is barred by the statute of limitations found in 28 U.S.C. § 2244(d)(1). Respondent also filed a Motion to Seal State Presentence Investigation Report. (ECF

No. 11.) Petitioner filed a Renewed Motion for Equitable Tolling. (ECF No. 12.) As set forth below, Respondent's Motion for Dismissal is denied and an answer addressing the merits of the Petition must be filed within sixty days of this Order. Petitioner's Renewed Motion for Equitable Tolling is denied as moot. Respondent's Motion to Seal is granted.

## I.     Background

Petitioner was convicted of assault with intent to do great bodily harm less than murder, MCL 750.84(1)(a), and sentenced as a fourth-offense habitual offender, MCL 769.12, in Saginaw County Circuit Court.

Direct review of Petitioner's conviction ended in the state courts on March 27, 2020, when the Michigan Supreme Court denied Petitioner's motion to reconsider that court's decision to deny his application for leave to appeal. *People v. Wilson*, 505 Mich. 1020 (2020).

On April 30, 2021, Petitioner filed a post-conviction motion for relief from judgment with the trial court, which it denied. (ECF No. 10-8.) Post-conviction review of Petitioner's conviction ended in the state courts on October 4, 2022, when the Michigan Supreme Court denied Petitioner's motion for reconsideration following that court's denial of his post-

2

conviction application for leave to appeal. *People v. Wilson,* 979 N.W.2d 847 (Mich. 2022).

Petitioner signed and dated his habeas Petition January 5, 2023.[1] (ECF No. 1.)

## II.   Analysis

Respondent objects to the timeliness of the Petition and moves for its dismissal. Petitioner moves for equitable tolling. Additionally, Respondent requests that a pre-sentence investigation report be sealed.

### A. Timeliness of the Petition

Under the Antiterrorism and Effective Death Penalty Act ("AEDPA"), a one-year statute of limitations period "for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court" runs from the latest of four dates—the one relevant here is: "the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review." 28 U.S.C. § 2244(d)(1)(A). AEDPA includes a tolling provision, which states that "[t]he time during

---

[1] Under the prison mailbox rule, this Court will assume that Petitioner filed his habeas Petition on January 5, 2023, the date that it was signed and dated. *See Towns v. U.S.,* 190 F.3d 468, 469 (6th Cir. 1999).

which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection." 28 U.S.C. § 2244(d)(2).

A state prisoner's conviction becomes final under § 2244(d)(1)(A) when the period for seeking direct review of the state court's judgment from the United States Supreme Court expires without the state prisoner seeking certiorari. *See Jimenez v. Quarterman*, 555 U.S. 113, 119 (2009). Under United States Supreme Court Rule 13.1, the period for seeking certiorari is usually 90 days. However, on March 19, 2020, the United States Supreme Court extended the period to file a petition for certiorari from 90 days to 150 days for petitions due on or after March 19, 2020. *See Rules of the Supreme Court of the United States-Miscellaneous Order Addressing the Extension of Filing Deadlines [COVID-19],* 334 F.R.D. 801 (2020). The Court subsequently reinstated the 90-day period set forth in Rule 13.1 for orders denying discretionary review issued on or after July 19, 2021. *See Miscellaneous Order Rescinding COVID-19 Related Orders*, 338 F.R.D. 801 (2021). During the time where the period to file for certiorari was extended, a judgment became final under 28 U.S.C. §

4

2244(d)(1)(A) 150 days after being entered by a state court, so long as a state prisoner chose not to file a petition for certiorari with the United States Supreme Court. At that point, the state prisoner's statute of limitations began to run. *See Pierce v. Morrison*, No. 2:21-CV-13018, 2023 WL 4784193, at *2 (E.D. Mich. Feb. 9, 2023); *Jones v. Schiebner*, No. 1:22-CV-1061, 2023 WL 195403, at *2 (W.D. Mich. Jan. 17, 2023), *Harris v. Morrison*, No. 1:22-CV-820, 2023 WL 110382, at *3 (W.D. Mich. Jan. 5, 2023).

On direct review, the Michigan Supreme Court denied Petitioner's motion for reconsideration of their decision denying his application for leave to appeal on March 27, 2020, which was during the United States Supreme Court rule change set forth above. *See Wilson*, 505 Mich. at 1020. Petitioner therefore had 150 days from March 27, 2020, to seek a writ of certiorari following the Michigan Supreme Court's decision, and not 90 days, as both parties suggest. (*See* ECF No. 9, PageID.69; ECF No. 12, PageID.505.) The one-year statute of limitations thus began to run when this 150-day period expired, which would have been on August 24, 2020.

The statute of limitations was later tolled during Petitioner's post-conviction litigation in state court. AEDPA expressly provides that "time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under [§ 2244(d)]." U.S.C. § 2244(d)(2). Petitioner filed his post-conviction motion for relief from judgment with the state trial court on April 30, 2021, (ECF No. 10-8), after 249 days elapsed under the statute of limitations—not 308 days, as Respondent suggests.[2] (ECF No. 9, PageID.70.)

---

[2] Respondent argues that the prison mailbox rule does not apply to Petitioner's post-conviction motion. (ECF No. 9, PageID.68 n.1.) Respondent misstates the law and ignores relevant facts related to Petitioner's post-conviction motion. Respondent argues:

> The prison mailbox rule does not apply to post-conviction motions for relief from judgment. *See Vroman v. Brigano*, 346 F.3d 598, 604 ([6th Cir.] 2003) (declining to extend the federal mailbox rule to a state postconviction petition where the state courts determined that the rule does not apply); *see also Robinson v. Romanowski*, No. 2:14-CV-10617, 2014 WL 5480808, at *2 n.2 (E.D. Mich. Oct. 29, 2014) (noting that "Michigan's post-conviction court rules do not contain a prison mailbox rule for the filing of a post-conviction motion for relief from judgment with the trial court" and declining to apply the federal mailbox rule).

(*Id.*) This argument ignores the fact that Michigan amended its rules in 2021 to include post-conviction filings under the prison mailbox rule. *See* MCR 1.112 Staff Comment (ADM File Nos. 2018-33 & 2019-20) to 2021 Adoption ("Under the new MCR 1.112, the prison mailbox rule applies to any pleading or other document

Petitioner's post-conviction application was pending in the state courts, for purposes of § 2244(d)(2), until it "achieved final resolution through the [s]tate's post-conviction procedures." *Carey v. Saffold,* 536 U.S. 214, 220 (2002). The Michigan Supreme Court resolved Petitioner's post-conviction review on October 4, 2022, declining to reconsider the denial of his post-conviction application for leave to appeal the denial of his motion for relief from judgment. *Wilson,* 979 N.W.2d at 847–48. That

---

deposited in a prison or jail's mail system (i.e., not limited only to claims under criminal proceedings). The specific references to situations where that rule now applies . . . are eliminated."). In Michigan, state law now applies the prison mailbox rule to post-conviction petitions for relief from judgment filed in state court. *See Borns v. Nagy*, No. 2:17-CV-13694, 2023 WL 6396573, at *3 (E.D. Mich. Sep. 29, 2023). Respondent cites rulings that pre-date this change, so Respondent's argument fails.

Respondent also misses an important fact about this case in making this argument. Here, Petitioner was represented by counsel when he filed his petition for relief from judgment. (*See* ECF No. 10-8.) There is a circuit split about whether the prison mailbox rule applies to prisoners who have legal representation. *Cretacci v. Call*, 988 F.3d 860, 867 (6th Cir. 2021). The Sixth Circuit has held that the rule does not apply when represented parties file civil complaints and has stated that "if a prisoner does not need to use the prison mail system, and instead relies on counsel to file a pleading on his or her behalf, the prison is no longer responsible for any delays and the rationale of the prison mailbox rule does not apply." *Id.* Although the Sixth Circuit has not addressed how this rule applies to all filings from prisoners with legal representation, the applicability of the prison mailbox rule to this filing is not outcome-determinative. *Id.* (distinguishing cases related to the prison mailbox rule that involve pleadings from those that involve notices of appeal). The Court need not decide whether the prison mailbox rule applies to the petition for relief from judgment in state court, because even calculating from the point it was filed, April 30, 2021, Petitioner's habeas Petition is timely under AEDPA.

final resolution of Petitioner's pending motion ended the tolling of the statute of limitations on October 4, 2022. *See Carey*, 536 U.S. at 220; *Scarber v. Palmer*, 808 F.3d 1093, 1095–96 (6th Cir. 2015). Petitioner had 116 days remaining under the statute of limitations to timely file this Petition. Because that time would have expired on a weekend, Saturday, January 28, 2023, Petitioner's deadline to file a habeas petition was January 30, 2023. *See* Fed. R. Civ. P. 6(a)(1)(C) (stating that a time period continues to run until the end of the next day that is not a Saturday, Sunday, or legal holiday). Because the Petition was filed on January 5, 2023, the Petition is timely (*See* ECF No. 1.). Accordingly, Respondent's Motion to Dismiss based on the expiration of the statute of limitations is denied.

Because the Petition was timely filed, Petitioner's motion for equitable tolling is denied as moot.

### B. Pre-Sentence Investigation Report

Respondent filed a motion to seal the pre-sentence investigation report, citing to Eastern District of Michigan Local Rule 5.3. (ECF No. 11, PageID.497.) "There is a strong presumption in favor of open judicial records." *Shane Grp., Inc. v. Blue Cross Blue Shield of Mich.*, 825 F.3d

299, 305 (6th Cir. 2016). A request for a seal must be "narrowly tailored . . . in accord with applicable law." E.D. Mich. LR 5.3(b)(2).

The Court may grant a motion to seal or redact "only upon a finding of a compelling reason why certain documents or portions thereof should be sealed." *Id.* at (b)(3)(B)(i). The Court must make its decision based on the following three factors: "why the interests in support of nondisclosure are compelling, why the interests supporting access are less so, and why the seal itself is no broader than necessary[.]" *Shane Grp.*, 925 F.3d at 306.

Here, Michigan Court Rules indicate that pre-sentence investigation reports are to be designated as confidential in cases where they are submitted to Michigan courts. *See* M.C.R. 7.212, Staff Comment to 1991 Amendment. The Sixth Circuit has affirmed rulings that kept pre-sentence investigation reports under seal. *See In re Siler*, 571 F.3d 604, 610–11 (6th Cir. 2009); *In re Morning Song Bird Food Litig.*, 831 F.3d 765, 775–76 (6th Cir. 2016) (referencing the "presumption of confidentiality" regarding pre-sentence investigation reports). Courts have recognized policy justifications for keeping such reports confidential, including to avoid a "chilling effect" on those who contribute

9

to such reports. *In re Siler*, 571 F.3d at 610 (cleaned up). For these reasons, filing the pre-sentence investigation report under seal is justified under the *Shane Group* analysis. Accordingly, the Motion to Seal is granted.

## III.   Conclusion

For the reasons set forth above, the Court **DENIES** Respondent's Motion to Dismiss (ECF No. 9), **DENIES** Petitioner's Motion for Equitable Tolling as moot (ECF No. 12), and **GRANTS** Respondent's Motion to Seal (ECF No. 11).

The Court further **ORDERS** Respondent to submit an answer addressing the merits of Petitioner's habeas claims and any Rule 5 materials that have not already been submitted to the Court within **SIXTY (60) DAYS** of this order. Petitioner shall have **SIXTY (60) DAYS** following receipt of the answer to file a reply.

**IT IS SO ORDERED.**

Dated: February 20, 2024          s/Judith E. Levy
Ann Arbor, Michigan              JUDITH E. LEVY
                                 United States District Judge

## **CERTIFICATE OF SERVICE**

The undersigned certifies that the foregoing document was served upon counsel of record and any unrepresented parties via the Court's ECF System to their respective email or first-class U.S. mail addresses disclosed on the Notice of Electronic Filing on February 20, 2024.

s/William Barkholz
WILLIAM BARKHOLZ
Case Manager

11