## UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF MICHIGAN
## SOUTHERN DIVISION

John Eddie Wilson,

                Petitioner,      Case No. 5:23-cv-10132

v.                           Judith E. Levy
                           United States District Judge

Melinda Braman,

                           Mag. Judge David R. Grand
                Respondent.

_____/

## OPINION AND ORDER DENYING THE PETITION FOR A WRIT OF HABEAS CORPUS [1], DENYING A CERTIFICATE OF APPEALABILITY, AND DENYING LEAVE TO APPEAL *IN FORMA PAUPERIS*

Petitioner John Eddie Wilson is a Michigan prisoner presently confined at the Richard A. Handlon Correctional Facility in Ionia, Michigan. On January 18, 2023, Petitioner filed a *pro se* petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254. (EFC No. 1.) Petitioner challenges his conviction for assault with intent to do great bodily harm less than murder, Mich. Comp. Laws § 750.84(1)(a). For the reasons set forth below, the petition for a writ of habeas corpus is dismissed with prejudice. Petitioner's final claim, however, is dismissed

without prejudice to him challenging the conditions of confinement in a civil rights suit brought pursuant to 42 U.S.C. § 1983.

## I.     Background

Henry Sanches is a self-employed auto mechanic who began working on Petitioner's vehicles in 2017. (ECF No. 10-5, PageID.154.) In 2018, Petitioner paid Sanches $2000 to replace an engine in Petitioner's truck. (*Id.* at PageID.154, 162.)  Sanches testified that he was working under the truck when Petitioner called out for him and then proceeded to strike his legs, stomach, and side of his body with a baseball bat. (*Id.* at PageID.155.) Sanches further testified that Petitioner then pulled a nine-millimeter automatic revolver out of his pocket and used the gun to strike him in the forehead. (*Id.*) Sanches also testified that Petitioner stated that he was going to return later that day to kill him and another mechanic who worked in the shop. (*Id.* at PageID.157.)

When the police arrived, Sanches identified Petitioner as the assailant. (*Id.* at PageID.155–156). The officers went to a house where Petitioner was living, and Petitioner's girlfriend, Charsity Slaughter, gave the officers permission to conduct a search of the house. (*Id.* at PageID.160.) The officers recovered a metal baseball bat. (*Id.*) At trial,

Sanches testified that the metal baseball bat found at Slaughter's home was the same bat that Petitioner used in the attack. (*Id*. at PageID.156.)

Petitioner testified that he went to the shop to talk to Sanches about the work on his truck. (*Id*. at PageID.162.) Petitioner claimed that upon arriving, he heard Sanches "hollering" and "making noise," located him pinned under a van, and pulled him out. (*Id*. at PageId.162–163.)

A Saginaw County Circuit Court jury convicted Petitioner of assault with intent to do great bodily harm less than murder, Mich. Comp. Laws § 750.84(1)(a). (ECF No. 10-6, PageID.201.) Petitioner was sentenced as a fourth-offense habitual offender, Mich. Comp. Laws § 769.12, to twenty-five to forty years in prison. His conviction was affirmed on direct appeal. *People v. Wilson*, No. 343990, 2019 WL 3315386 (Mich. Ct. App. July 23, 2019), *lv. den.* 936 N.W.2d 303 (Mich. 2019), *recons. den.* 940 N.W.2d 82 (Mich. 2020).

Petitioner then filed a post-conviction motion for relief from judgment with the trial court, which was denied. *People v. Wilson,* No. 17-044269-F C-5, *1-3 (Saginaw Cty. Cir. Ct., Aug. 3, 2021). The Michigan appellate courts denied Petitioner leave to appeal. *People v.*

*Wilson,* No. 358964 (Mich. Ct. App. Jan. 18, 2022), *lv. den.* 975 N.W.2d 460 (Mich. 2022), *recons. den.*, 979 N.W.2d 847 (Mich. 2022).

In his present petition for a writ of habeas corpus, Petitioner lists seven grounds for relief. (ECF No. 1, PageID.6–16.) Because there is significant overlap between the grounds listed, the Court understands Petitioner to raise five general claims: (1) there was insufficient evidence to convict Petitioner of assault with intent to do great bodily harm and to charge Petitioner with assault with intent to commit murder; (2) the jury instructions and verdict form were constitutionally inadequate; (3) trial counsel was ineffective for failing to object to the defective jury instructions and verdict form, to test the baseball bat for DNA evidence, to call the treating physician who examined Sanches to testify as to the extent of the injuries sustained, and to investigate GPS monitoring tether evidence; (4) appellate counsel was ineffective for failing to raise these ineffective assistance of trial counsel claims on Petitioner's appeal of right; and (5) Petitioner is entitled to release based on the COVID-19 pandemic.

## II.   Legal Standard

4

The Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"), imposes the following standard of review for habeas cases:

> An application for a writ of habeas corpus on behalf of a person in custody pursuant to the judgment of a State court shall not be granted with respect to any claim that was adjudicated on the merits in State court proceedings unless the adjudication of the claim—
>
> > (1)   resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or
> >
> > (2)   resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding.

28 U.S.C. § 2254(d). A decision of a state court is "contrary to" clearly established federal law if the state court arrives at a conclusion opposite to that reached by the Supreme Court on a question of law or if the state court arrives at a result opposite to that reached by the Supreme Court on a set of materially indistinguishable facts. *Williams v. Taylor*, 529 U.S. 362, 405 (2000). An "unreasonable application" occurs when "a state-court decision unreasonably applies the law of [the Supreme Court] to the facts of a prisoner's case." *Id.* at 409.

5

"[A] federal habeas court may not issue the writ simply because that court concludes in its independent judgment that the relevant state-court decision applied clearly established federal law erroneously or incorrectly." *Id.* at 411. Rather, "[a] state court's determination that a claim lacks merit precludes federal habeas relief so long as 'fairminded jurists could disagree' on the correctness of the state court's decision." *Harrington v. Richter*, 562 U.S. 86, 101 (2011) (citing *Yarborough v. Alvarado*, 541 U.S. 652, 664 (2004)). Therefore, in order to obtain habeas relief in federal court, a state prisoner must show that a state court's decision "was so lacking in justification that there was an error well understood and comprehended in existing law beyond any possibility for fairminded disagreement." *Id.* at 103.

## III. Analysis

### A. Insufficiency of the Evidence Claims

Petitioner, in his first and fifth claims, alleges that the evidence was insufficient to convict him of assault with intent to do great bodily harm. Specifically, Petitioner argues that "the only prosecutorial evidence was Mr. Sanches' testimony," that "the jury clearly did not find all of his testimony credible," and that several specific pieces of evidence

were not produced.[1] (ECF No. 1, PageID.6, 11.) Petitioner also argues that there was insufficient evidence to support the charge of assault with intent to murder, leading to "an improper compromise verdict" on the lesser included offense of assault with intent to commit great bodily harm. (*Id.* at PageID.6.)

"[T]he Due Process Clause protects the accused against conviction except upon proof beyond a reasonable doubt of every fact necessary to constitute the crime with which he is charged." *In Re Winship,* 397 U.S. 358, 364 (1970). "The critical inquiry on review of the sufficiency of the evidence to support a criminal conviction . . . [is] whether the record evidence could reasonably support a finding of guilt beyond a reasonable

---

[1] Respondent argues that portions of Petitioner's first and fifth claims are procedurally defaulted because Petitioner failed to properly exhaust several subclaims at the state court level and no longer has an available state court remedy to do so. (ECF No. 16, PageID.703–716.) Procedural default is not a jurisdictional bar to review of a habeas petition the merits. *See Trest v. Cain*, 522 U.S. 87, 89 (1997). "[F]ederal courts are not required to address a procedural-default issue before deciding against the petitioner on the merits." *Hudson v. Jones*, 351 F.3d 212, 215 (6th Cir. 2003) (citing *Lambrix v. Singletary*, 520 U.S. 518, 525 (1997)). "Judicial economy might counsel giving the [merits] priority, for example, if it were easily resolvable against the habeas petitioner, whereas the procedural-bar issue involved complicated issues of state law." *Lambrix*, 520 U.S. at 525. Here, Petitioner's unpreserved sufficiency of evidence claims are related to his preserved sufficiency of evidence claims. Accordingly, it is most efficient to simply address the merits of all of the claims.

7

doubt." *Jackson v. Virginia*, 443 U.S. 307, 318 (1979). "[T]his inquiry does not require a court to 'ask itself whether *it* believes that the evidence at the trial established guilt beyond a reasonable doubt.'" *Id.* at 318–19 (quoting *Woodby v. INS*, 385 U.S. 276, 282 (1966)). "Instead, the relevant question is whether, after viewing the evidence in the light most favorable to the prosecution, *any* rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt." *Id.* at 319.

A federal habeas court may not overturn a state-court decision that rejects a sufficiency of the evidence claim merely because the federal court disagrees with the state court's resolution of that claim.  Instead, a federal court may grant habeas relief only if the state-court decision was an objectively unreasonable application of the *Jackson* standard. *See Cavazos v. Smith,* 565 U.S. 1, 2 (2011). "Because rational people can sometimes disagree, the inevitable consequence of this settled law is that judges will sometimes encounter convictions that they believe to be mistaken, but that they must nonetheless uphold." *Id.* Indeed, for a federal habeas court reviewing a state-court conviction, "the only question under *Jackson* is whether that finding was so insupportable as

8

to fall below the threshold of bare rationality." *Coleman v. Johnson*, 566 U.S. 650, 656 (2012). A state court's finding on sufficiency of the evidence "is entitled to considerable deference under AEDPA." *Id.*

Here, Petitioner argues that there was insufficient evidence to convict him of assault with intent to do great bodily harm. Under Michigan law, the elements of assault with intent to do great bodily harm less than murder are: "(1) an attempt or threat with force or violence to do corporal harm to another (an assault), and (2) an intent to do great bodily harm *less than murder*." *Raybon v. United States*, 867 F.3d 625, 632 (6th Cir. 2017) (quoting *People v. Brown*, 703 N.W.2d 230, 236 (Mich. Ct. App. 2005)). Assault with intent to do great bodily harm is a specific intent crime which requires "an intent to do serious injury of an aggravated nature," but an actual injury need not occur. *Id.* (internal citations omitted).

Petitioner argues that there was insufficient evidence to convict him of assault with intent to do great bodily harm because the only evidence was Sanches' testimony. (ECF No. 1, PageID.6.) The Michigan Court of Appeals rejected this argument, explaining:

> Even if this Court accepted defendant's argument that only Sanches's testimony supports his conviction, reversal is not

required. "The victim's testimony alone can provide sufficient evidence to support a conviction." *People v. DeLeon*, 317 Mich. App. 714, 719; 895 N.W.2d 577 (2016). In this case, Sanches testified that defendant beat him severely with a baseball bat on his legs, stomach, and side. Sanches also testified that defendant said he would return at noon to kill Sanches. Sanches's testimony about defendant's use of two different weapons and his threats supported defendant's conviction of assault with intent to do great bodily harm.

Defendant also incorrectly asserts that Sanches's testimony was the only evidence offered to support defendant's conviction. Officer Holp, defendant, and Slaughter provided testimony that corroborated Sanches's testimony. Defendant testified about his repeated visits to the automotive shop concerning the incomplete repair job that defendant paid Sanches to perform. According to Officer Holp, defendant even admitted that he had been at Sanches's shop earlier that morning and had argued with Sanches about work that was supposed to have been done on defendant's truck. Further, Officer Holp testified that he found Sanches in the fetal position and that he was bleeding from his forehead, groaning, not able to properly speak, and was obviously in severe pain. Officer Holp's testimony not only supported Sanches's claim that defendant beat him with a weapon, his observations directly conflicted with defendant's claim that Sanches "seemed fine" when defendant left the shop. Additionally, Defendant admitted at trial that he never told Officer Holp that a van had fallen on Sanches, notwithstanding defendant's claim at trial that he rescued Sanches from underneath the van.

Lastly, one of the weapons reportedly used in the assault was connected to defendant. Defendant testified that he brought

his baseball bat with him to Sanches's shop in September 2017. Officer Holp, Slaughter, and defendant all agreed that defendant's baseball bat was found in defendant and Slaughter's home after the assault. Although the baseball bat was not tested for Sanches's bodily fluids, a "prosecutor need not negate every reasonable theory consistent with innocence." *People v. Nowack*, 462 Mich. 392, 400; 614 N.W.2d 78 (2000). Rather, the prosecutor need only "prove the elements of the crime beyond a reasonable doubt" and "convince the jury 'in the face of whatever contradictory evidence the defendant may provide.' " *Id.* (citation omitted).

*People v. Wilson*, No. 343990, 2019 WL 3315386, at *2–3 (Mich. Ct. App. July 23, 2019).

The Michigan Court of Appeals' denial of relief was neither contrary to Supreme Court precedent nor an unreasonable application of federal law or the facts. "[T]he testimony of the victim alone is constitutionally sufficient to sustain a conviction." *Tucker v. Palmer*, 541 F.3d 652, 658 (2008). Here, as the state court of appeals noted, the victim's testimony that Petitioner assaulted him with a baseball bat is sufficient by itself to support Petitioner's assault with intent to do great bodily harm conviction. (*See* ECF No. 10-5, PageID.155.)

Moreover, as the Michigan Court of Appeals explained, it is untrue that Sanches' testimony was the only evidence offered to support

Petitioner's conviction. Testimony from Officer Holp (*see* ECF No. 10-5, PageID.157–159), Charsity Slaughter (*see id.* at PageID.159–161), and even Petitioner himself (*see id.* at PageID.162–166) also corroborated Sanches' testimony. In addition, the prosecution produced photographs of Sanches' injuries, as well as the baseball bat which was found in Petitioner's home and which Petitioner admitted to bringing to Sanches' shop. (*See id.* at PageID.156, 160, 162–163.) Presented with the bat, Sanches identified it as "the famous bat I got beat with." (*Id.* at PageID.156.)

Petitioner makes a related argument that "the jury clearly did not find all of [Sanches'] testimony credible." (ECF No. 1, PageID.6.) Specifically, because the jury acquitted Petitioner of various firearm-related charges, Petitioner argues that the jury could not have "believe[d] Mr. Sanches' testimony that [Petitioner] pistol-whipped him." (*Id.*) Petitioner appears to view this as further indication that there was insufficient evidence to convict him of assault with intent to do great bodily harm. However, as the jury verdict makes clear, the jury apparently *did* find Sanches credible, at minimum, when he testified that Petitioner beat him severely with a baseball bat. To the extent the jury

12

may or may not have found Sanches' other testimony credible, witness credibility "is clearly the province of the jury and not [a federal habeas] court." *Tyler v. Mitchell*, 416 F.3d 500, 505 (6th Cir. 2005); *see also Matthews v. Abramajtys*, 319 F.3d 780, 788 (6th Cir. 2003) ("An assessment of the credibility of witnesses is generally beyond the scope of federal habeas review of sufficiency of evidence claims.") (citing *Gall v. Parker*, 231 F.3d 265, 286 (6th Cir. 2000)); *Martin v. Mitchell,* 280 F.3d 594, 618 (6th Cir. 2002) ("[A]ttacks on witness credibility are simply challenges to the quality of the government's evidence and not to the sufficiency of the evidence.") (quoting *United States v. Adamo*, 742 F.2d 927, 935 (6th Cir. 1984)).

Petitioner also argues that there was insufficient evidence to convict him because several specific pieces of evidence were not produced. Specifically, Petitioner complains that "[t]he recovered baseball bat was not even tested to determine if there were any bodily fluids on it" and "the jury was left without reliable evidence to support the cause of injury to the alleged victim." (ECF No. 1, PageID.6, 11.) Petitioner also

complains that "tether logs" were not produced, which he alleges would have shown that he was at home at the time of the crime.[2] (*Id.* at 11.)

To the extent there was a lack of certain physical evidence in Petitioner's case, "lack of physical evidence . . . goes to the weight of the evidence, not its sufficiency." *Gipson v. Sheldon*, 659 F. App'x 871, 882 (6th Cir. 2016). And as set forth above, Sanches' testimony alone was constitutionally sufficient to sustain Petitioner's conviction. *See Tucker*, 541 F.3d at 658. Petitioner's complaint that his own counsel failed to request tether records likewise does not negate the sufficiency of the evidence that the prosecution did produce. On habeas review of a sufficiency of the evidence claim, this Court's task is simply to ask "whether the record evidence could reasonably support a finding of guilt beyond a reasonable doubt." *Jackson*, 443 U.S. at 318 (1979). Here, the record evidence—as opposed to the purely speculative evidence that Petitioner argues should have been produced—reasonably supports

---

[2] Petitioner explains that he "was serving on the Saginaw County Prosecutor's 90 days Curfew Monitoring Tether which required [him] to remain at his residence until 9:00 a.m. that morning" and that he therefore "could not possibly have committed the alleged crime when it occurred." (ECF No. 1, PageID.11.) Notably, while Petitioner speculates that tether records would show he was at home, Petitioner himself admitted at trial that he was present in Sanches' shop at the time of the assault. (ECF No. 10-5, PageID.162.)

14

Petitioner's conviction of assault with intent to commit great bodily harm.

Finally, Petitioner argues that there was insufficient evidence to support the charge of assault with intent to commit murder. (ECF No. 1, PageID.6.) Petitioner contends that this charge led to "an improper compromise verdict" of guilt on the lesser included offense of assault with intent to commit great bodily harm. (*Id.*) The Michigan Court of Appeals considered and rejected this argument, explaining:

> Because defendant argues that the evidence was insufficient to support the charge of assault with intent to murder or the ultimate conviction of assault with intent to do great bodily harm, he further contends there was an improper compromise verdict because he was tried on "many unsubstantiated charges" but was convicted of only "a single, lesser included offense." However, as discussed above, the prosecution submitted sufficient evidence to support defendant's conviction. Moreover, defendant's argument is premised on the assumption that jurors do not follow their instructions. However, it is well established that jurors are presumed to follow their instructions. *Graves*, 458 Mich. at 486; *People v. Hana*, 447 Mich. 325, 351; 524 N.W.2d 682 (1994).
>
> In this case, the jurors were instructed to not give up their own honest opinions, even if other jurors disagreed with them. Any conclusion that the jury could not properly convict defendant of one charge and simultaneously acquit him of the remaining charges would be "based on judicial speculation that jurors who have acquitted the defendant have

15

compromised their views despite an express direction from the trial court to the contrary." *Graves*, 458 Mich. at 486 (quotation marks and citation omitted).

*Wilson*, 2019 WL 3315386, at *3.

The Michigan Court of Appeals' decision was neither contrary to Supreme Court precedent nor an unreasonable application of federal law or the facts. It is true that "clearly established Supreme Court law provides that a defendant has a right not to be *convicted* except upon proof of every element of a crime beyond a reasonable doubt." *Skrzycki v. Lafler*, 347 F. Supp. 2d 448, 453 (E.D. Mich. 2004). Even assuming it were true that there was insufficient evidence to support the charge of assault with intent to murder, however, "the Supreme Court has never held that the submission of a charge, upon which there is insufficient evidence, violates a defendant's constitutional rights when the defendant is acquitted of that charge." *Id.* Here, because Petitioner was acquitted of the charge which he claims was unsupported by the evidence, any error in submitting that charge to the jury was harmless. *See Pyne v. Harry*, No. 18-2347, 2019 WL 2208303, at *3 (6th Cir. Apr. 2, 2019) (finding any error harmless where a petitioner was acquitted of the charge in question).

16

As set forth above, the Michigan Court of Appeals' denial of Petitioner's sufficiency of the evidence claims was neither contrary to Supreme Court precedent nor an unreasonable application of federal law or the facts. To the extent that Petitioner has presented new arguments regarding the sufficiency of the evidence, those claims are without merit. Accordingly, Petitioner is not entitled to habeas relief on these claims.

## B. Defective Jury Instructions and Verdict Form and Related Ineffective Assistance of Counsel Claims

Petitioner in his fourth claim alleges that the jury received erroneous oral instructions and a defective verdict form.[3] Specifically, Petitioner argues that "[t]he trial court's initial oral instructions violated

---

[3] Respondent urges this Court to deny this claim on the ground that it is procedurally defaulted, as the trial court rejected this claim pursuant to Michigan Court Rule 6.508(D)(3) because Petitioner failed to raise this claim on his appeal of right. (ECF No. 16, PageID.728–729.) Petitioner argues that appellate counsel was ineffective for failing to raise this claim on his appeal of right. (ECF No. 1, PageID.14.) Ineffective assistance of counsel may establish cause for procedural default. *Edwards v. Carpenter*, 529 U.S. 446, 451–52 (2000). Given that the cause and prejudice inquiry for the procedural default issue merges with an analysis of the merits of Petitioner's defaulted claim, it is simpler to consider the merits of this claim. *See Cameron v. Birkett,* 348 F. Supp. 2d 825, 836 (E.D. Mich. 2004).  Moreover, unlike Petitioner's other ineffective assistance of appellate counsel claims, *see infra*, this claim was properly exhausted on state post-conviction review in that it was raised in Petitioner's motion for relief from judgment before the trial judge (ECF No. 10-8, PageID.220–221) and in his post-conviction appeals. (ECF No. 10-12, PageID.315–316; *id.* at PageID.350–351.)

the authority of state law, because it did not give the jury the opportunity to return a general verdict of not guilty for the lesser included offense of Assault with Intent to Commit Great Bodily Harm." (ECF No. 1, PageID.10.) Petitioner similarly argues that the verdict form was defective under "state legal precedent" because it did "not present an option to find a defendant generally 'not guilty' or an option to find defendant 'not guilty' of lesser included offenses." (*Id.*)

To the extent that Petitioner argues the jury instructions and verdict form violated state law, that claim is not cognizable on habeas review. *See Swarthout v. Cooke*, 562 U.S. 216, 219 (2011) ("[F]ederal habeas corpus relief does not lie for errors of state law.") (quoting *Estelle v. McGuire*, 502 U.S. 62, 67 (1991)). To state a cognizable habeas claim, then, Petitioner must do more than allege violations of state law. Rather, to warrant federal habeas relief, the jury instructions and verdict form "must not only have been erroneous, but also, taken as a whole, so infirm that they rendered the entire trial fundamentally unfair." *Doan v. Carter*, 548 F.3d 449, 455 (6th Cir. 2008) (quoting *Austin v. Bell*, 126 F.3d 843, 846–47 (6th Cir. 1997)); *see also Daniels v. Lafler*, 501 F.3d 735, 741 (6th Cir. 2007) (noting that federal courts may grant habeas relief "based on

18

errors in state jury instructions only in extraordinary cases" in which "'the ailing instruction by itself so infected the entire trial that the resulting conviction violates due process'") (quoting *Cupp v. Naughten*, 414 U.S. 141, 147 (1973)).

Here, the trial judge instructed the jury that they could find Petitioner "not guilty, guilty of assault with intent to murder, or guilty of the lesser offense and the charge of assault with intent to do great bodily harm." (ECF No. 10-5, PageID.174.) The verdict form subsequently submitted to the jury read, in relevant part:

> ____ Not Guilty
> ____ Guilty of Assault with Intent to Murder
> ____ Guilty of Alternative Charge of Assault with Intent to do Great Bodily Harm Less than Murder

(ECF 10-12, PageID.323–24.) Neither the oral instructions nor the verdict form were so infirm that they rendered the entire trial fundamentally unfair. In fact, both the instructions and the verdict form do precisely what Petitioner alleges they do not: present an option to find Petitioner generally not guilty.[4] *See, e.g.*, *Meridy v. Ludwick*, No. 17-2006,

---

[4] Petitioner's argument appears to be based on a Michigan Court of Appeals case, *People v. Wade*, 771 N.W.2d 447 (Mich. Ct. App. 2009). There, the court found that a verdict form was defective "because it did not give the jury the opportunity to

2018 WL 4191337, at *3 (6th Cir. May 21, 2018) (finding that a verdict form and oral instructions with three options—(1) not guilty, (2) guilty of primary offense, or (3) guilty of lesser offense—gave the jury the option of returning a general not-guilty verdict). Accordingly, this claim is meritless, and Petitioner is not entitled to habeas relief.

Because Petitioner's jury instruction and verdict form claims are meritless, he is also not entitled to habeas relief on his claim that

---

return a general verdict of not guilty." *Id.* at 451. The verdict form in question read, in pertinent part:

> COUNT   1   –   HOMICIDE-MURDER   FIRST   DEGREE   –
> PREMEDITATED (EDWARD BROWDER, JR)
> __ NOT GUILTY
> __ GUILTY
>
> OR
>
> __ GUILTY OF THE LESSER OFFENSE OF – HOMICIDE – MURDER
> SECOND DEGREE (EDWARD BROWDER, JR)
>
> OR
>
> __  GUILTY  OF  THE  LESSER  OFFENSE  OF – INVOLUNTARY
> MANSLAUGHTER   –   FIREARM   INTENTIONALLY   AIMED
> (EDWARD BROWDER, JR.)

*Id.* at 449. As the Saginaw County Circuit Court explained on Petitioner's motion for relief from judgment, the verdict form that Petitioner challenges "is readily distinguishable from the constitutionally-deficient form that was used in *Wade*" because, by not "us[ing] the word 'or' to set off the lesser offense option," it plainly "allowed the jury to return a general verdict of not guilty." (ECF No. 10-12, PageID.325.)

appellate counsel was ineffective for failing to raise them. *See Shaneberger v. Jones*, 615 F.3d 448, 452 (6th Cir. 2010) ("Appellate counsel cannot be found to be ineffective for 'failure to raise an issue that lacks merit.'") (quoting *Greer v. Mitchell*, 264 F.3d 663, 676 (6th Cir. 2001)).

### C. Remaining Ineffective Assistance of Counsel Claims

Petitioner alleges in his second and third claims that trial counsel was ineffective for failing to have the baseball bat tested to determine if the victim's DNA was on it. (ECF No. 1, PageID.7–8.) Petitioner also argues that trial counsel was ineffective for failing to call the victim's doctor to testify. (*Id.* at PageID.7, 9.) In addition, Petitioner claims that counsel was ineffective for failing to obtain his tether records from the Michigan Department of Corrections, which he alleges would show that he was at home at the time of the assault. (*Id.*) In his seventh claim, Petitioner also alleges that appellate counsel was ineffective for failing to raise these claims on his appeal of right. (*Id.* at PageID.14.)

Respondent argues that none of these remaining ineffective assistance of counsel claims were properly exhausted on post-conviction review, and because Petitioner no longer has any available state court

21

remedies, the Court should consider the claims to be procedurally defaulted. (ECF No. 16, PageID.743–747, 760.) For the reasons set forth below, the Court agrees with Respondent.

As a general rule, a state prisoner must first exhaust his available state-court remedies before raising a habeas claim in federal court. 28 U.S.C. § 2254(b)(1)(A). Here, Petitioner did not raise the present ineffective assistance of counsel claims in his motion for relief from judgment before the trial court. (*See* ECF No. 10-8.) Nor did Petitioner raise the present claims in his post-conviction appeal before the Michigan Court of Appeals, with the exception of his claims that trial and appellate counsel were ineffective for failing to obtain or raise the issue of his tether records. (*See* ECF No. 10-12, PageID.345.) Because none of the present claims were raised in both Petitioner's post-conviction motion before the trial court and his post-conviction appeal before the Michigan Court of Appeals, Petitioner has not properly exhausted these claims. *See Baldwin v. Reese*, 541 U.S. 27, 29 (2004) ("Before seeking a federal writ of habeas corpus . . . the prisoner must 'fairly present' his claim in each appropriate state court . . . .") (citing *Duncan v. Henry*, 513 U.S. 364, 365–66 (1995); *O'Sullivan v, Boerckel*, 526 U.S. 838, 845 (1999)).

22

Generally, a petition containing unexhausted claims might be dismissed without prejudice, or held in abeyance, so that a petitioner can pursue all available state remedies. *See McBride v. Skipper*, 76 F.4th 509, 513 (6th Cir. 2023). If a petitioner has no available states remedies, however, the claim must be treated as procedurally defaulted. *Gadomski v. Renico*, 258 F. App'x 781, 783 (6th Cir. 2007); *see also Lovins v. Parker*, 712 F.3d 283, 295 (6th Cir. 2013) ("[A] claim is procedurally defaulted where the petitioner failed to exhaust state court remedies, and the remedies are no longer available at the time the federal petition is filed because of a state procedural rule."). Here, under Michigan Court Rule 6.502(G), Petitioner is prohibited from filing a second or subsequent motion for relief from judgment. *See Gadomski*, 258 F. App'x at 783. Accordingly, Petitioner's ineffective assistance of counsel claims are procedurally defaulted.

"A petitioner can obtain federal review of such 'procedurally defaulted' claims only if he shows 'cause' and 'prejudice,' or a 'manifest miscarriage of justice.'" *Sutton v. Carpenter*, 745 F.3d 787, 790–91 (6th Cir. 2014) (citing *Coleman v. Thompson*, 501 U.S. 722, 749–50 (1991)). Here, because Petitioner "has not raised any claim or issue to excuse the

default, he has forfeited the question of cause and prejudice."[5] *Rogers v. Skipper*, 821 F. App'x 500, 503 (6th Cir. 2020). Nor does Petitioner's case fall within the "narrow exception for fundamental miscarriage of justice," which "is reserved for the extraordinary case in which the alleged constitutional error probably resulted in the conviction of one who is actually innocent of the underlying offense."[6] *Id.* at 504 (citing *Dretke v. Haley*, 541 U.S. 386, 388 (2004); *Schlup v. Delo*, 513 U.S. 298 (1995)). Accordingly, Petitioner is not entitled to habeas relief on these claims.

### D. COVID-19 Claim

Petitioner, in his sixth claim, seeks to be released from prison based on the COVID-19 pandemic and his fear of becoming infected while

---

[5] Of course, one ineffective-assistance-of-counsel claim might constitute cause for the procedural default of another ineffective-assistance-of-counsel claim. Here, however, Petitioner cannot excuse his procedural default on the basis of ineffective assistance of counsel in his post-conviction proceedings because "[t]here is no constitutional right to an attorney in state post-conviction proceedings." *See Coleman v. Thompson*, 501 U.S. 722, 752 (1991) (citing *Pennsylvania v. Finley*, 481 U.S. 551 (1987); *Murray v. Giarratano*, 492 U.S. 1 (1989)). "Consequently, a petitioner cannot claim constitutionally ineffective assistance of counsel in such proceedings." *Id.* (citing *Wainwright v. Torna*, 455 U.S. 586 (1982)).

[6] Petitioner does offer a conclusory assertion that his "actual innocence serves as an exception to the requirement of demonstrating good cause as to why these issues were not raised previously." (ECF No. 1, PageID.14.) However, "[t]o be credible, such a claim requires petitioner to support his allegations of constitutional error with new reliable evidence . . . that was not presented at trial.'" *Schlup v. Delo*, 513 U.S. 298, 324 (1995). Petitioner has not done so.

24

incarcerated. (ECF No. 1, PageID.12.) Petitioner alleges that inmates are not "be[ing] properly distanced and the sick are not being safely quarantined." (*Id.*) Petitioner also references the Center for Disease Control's findings that prisons often have insufficient quarantine space, insufficient on-site medical staff, and other conditions that heighten COVID-19 risks, although he does not specifically allege that these conditions exist at the prison where he is presently incarcerated. (*Id.* at PageID. 13.)

Petitioner's claim is not cognizable in habeas. A cognizable habeas claim challenges the fact of confinement rather than its conditions. *See Wilson v. Williams*, 961 F.3d 829, 838 (6th Cir. 2020) (noting that "release from confinement . . . is 'the heart of habeas corpus'" and that a claim sounds in habeas "where a petitioner claims that no set of conditions would be constitutionally sufficient") (quoting *Preiser v. Rodriguez*, 411 U.S. 475, 498 (1973)). Here, Petitioner does not allege that no conditions of confinement could remedy the risk caused by COVID-19. Rather, he complains of conditions that could be ameliorated.

Claims which challenge the conditions of confinement, rather than the fact of confinement, should ordinarily be brought as a civil rights

25

complaint pursuant to 42 U.S.C. § 1983. *See Lutz v. Hemingway*, 476 F. Supp. 2d 715, 718 (E.D. Mich. 2007). Where the substance of a *pro se* habeas claim is more appropriately reached under 42 U.S.C. § 1983, it is appropriate to dismiss the claim without prejudice so that the petitioner can raise the potential civil rights claim properly as a § 1983 action. *See Martin v. Overton*, 391 F.3d 710, 714 (6th Cir. 2004). Accordingly, Petitioner's COVID-19 claim is dismissed without prejudice to him challenging his conditions of confinement in a civil rights suit brought pursuant to 42 U.S.C. § 1983.

## IV.   Conclusion

For the reasons set forth above, Petitioner's COVID-19 claim is **DISMISSED WITHOUT PREJUDICE** to him challenging the conditions of confinement in a civil rights suit brought pursuant to 42 U.S.C. § 1983.

Petitioner is not, however, entitled to federal habeas relief on his claims. Accordingly, the Court **DENIES** and **DISMISSES WITH PREJUDICE** the remaining petition for a writ of habeas corpus.

Before Petitioner may appeal, a certificate of appealability must issue. *See* 28 U.S.C. § 2253(c)(1)(a); Fed. R. App. P. 22(b). A certificate of

appealability may issue "only if the applicant has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). To satisfy § 2253(c)(2), a habeas petitioner must show "that reasonable jurists could debate whether (or, for that matter, agree that) the petition should have been resolved in a different manner or that the issues presented were adequate to deserve encouragement to proceed further." *Slack v. McDaniel*, 529 U.S. 473, 484 (2000) (citation and internal quotation marks omitted). Petitioner makes no such showing. Accordingly, the Court **DENIES** a certificate of appealability.

Finally, the Court concludes that an appeal from this decision cannot be taken in good faith. *See* Fed. R. App. P. 24(a). Accordingly, the Court **DENIES** Petitioner leave to proceed *in forma pauperis* on appeal.

**IT IS SO ORDERED.**

Dated: November 24, 2025          s/Judith E. Levy
Ann Arbor, Michigan               JUDITH E. LEVY
                                  United States District Judge

**CERTIFICATE OF SERVICE**

The undersigned certifies that the foregoing document was served upon counsel of record and any unrepresented parties via the Court's ECF System to their respective email or first-class U.S. mail addresses disclosed on the Notice of Electronic Filing on November 24, 2025.

s/William Barkholz
WILLIAM BARKHOLZ
Case Manager

27